**William F. STAKE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 3–71–Civ.–19.**

United States District Court, D. Minnesota, Third Division.

Sept. 26, 1972.

E. E. Ranta and Stephan Pezalla, Minneapolis, Minn., for plaintiff.

Scott P. Crampton, Asst. U. S. Atty. Gen., Donald R. Anderson, Daniel P. Mullarkey, and Robert Hipple, Dept. of Justice, Washington, D. C., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The controversy in this civil matter centers on whether plaintiff is liable under I.R.C.[1] § 6672[2] as a responsible person who willfully failed to pay over to the government Social Security and F.I.C.A. taxes withheld for employees as required by I.R.C. §§ 3101, 3102, 3402 and 3403.[3]

The Commissioner of Internal Revenue assessed a penalty of $3,380.86 against plaintiff Stake under I.R.C. § 6672 for the quarters ending September 30, 1965 and December 31, 1965. Stake paid $14.-52 of the penalty, filed a claim for refund which was denied, and filed suit. The government counterclaimed for $3,-366.34, the unpaid amount of the original assessment against Stake.

Under I.R.C. §§ 3101, 3102, 3402 and 3403, an employer is bound to collect income taxes and social security taxes currently from his employees by withholding or deducting the taxes as wages are paid. He is bound to pay over the taxes so collected on a quarterly basis, and is required to hold the taxes in trust for the United States. I.R.C. § 7501.[4] To prevent loss of revenue and to enforce the collection and payment of the tax, I.R.C. § 6672[5], in conjunction with I.R.C. § 6671[6], imposes a civil liability in the amount of the tax on the person who is responsible for the collection and pay-

---

1. All I.R.C. references are to the Internal Revenue Code of 1954.

2. 26 U.S.C.A. § 6672.

3. 26 U.S.C.A. §§ 3101, 3102, 3402 and 3403.

4. 26 U.S.C.A. § 7501.

5. I.R.C. § 6672 provides in part: "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

6. 26 U.S.C.A. § 6671. Section 6671(b) defines "person" as used in § 6672 as including " . . . an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

ment of the tax and who willfully fails either to collect or to pay over the tax.

In 1964, plaintiff Stake and two acquaintances formed and became officers of the Anoka County Gravel and Sand Corporation (the "corporation"). Stake received fifty-five percent of the corporate stock in exchange for his business management experience and was named President of the corporation. Stake had the authority to counter-sign checks but his signature was not necessary. On two occasions Stake personally and through his construction company loaned the corporation money. The depositions of the three officers and the trial testimony indicate that Stake was not actively running the corporation but acted as an over-seer and consultant.

The corporation operated for two years. None of its officers received a salary. Shortly after January 21, 1966, Stake received an unaudited financial statement for the year ending November 30, 1965. The balance sheet showed a $3,745.68 liability for payroll taxes withheld from employees. Stake testified that he first learned of the corporation's federal tax liability at that time, after which he requested and received another unaudited financial statement. The balance sheet as at January 31, 1966 showed a $5,172.04 liability for payroll taxes withheld from employees. The Internal Revenue Service levied on the corporation's checking account and regained part of the money allegedly due as unpaid, withheld taxes.

At that point, Stake decided that the corporation should cease operation, except for closing transactions already undertaken. All three officers signed checks during the first two months of 1966. The final transactions of the corporation were handled by an attorney retained by Stake and money was collected and disbursed in the name of the corporation throughout 1966.

■ The two elements necessary to make § 6672 applicable to a taxpayer are: (1) the individual person had the authority to direct or control the payment of corporate funds and (2) such a responsible person willfully failed to comply with the tax withholding statutes.

■ When an employer is a corporation, liability under § 6672 is limited to those who exercise the corporation's power to determine whether or not to pay over the withheld taxes. Pacific National Insurance Co. v. United States, 422 F.2d 26 (9 Cir. 1970), cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970), rehearing denied, 400 U.S. 883, 91 S.Ct. 116, 27 L.Ed.2d 121 (1970). Liability is not confined to those who perform the mere mechanical functions of collection and payment in accordance with the executive judgment of others whose duty it is to make decisions for the corporation. United States v. Graham, 309 F.2d 210, 212 (9 Cir. 1962). It includes all those so connected with the corporation as to be responsible for controlling corporate disbursements, including holding and paying taxes.

Plaintiff contends that he had neither control over corporate disbursements nor responsibility for withholding and paying over employee's taxes. The Court cannot agree.

■ Plaintiff took over the affairs of the corporation after learning of its indebtedness to the United States. Although the signatures of other officers appear on checks written during February of 1966, Stake testified that he alone took control of the corporation and, aided by his attorney, attempted to, "get this straightened out." Plaintiff at that time was fully responsible for corporate disbursements and the holding and paying of taxes. That fact alone is enough to impose liability, regardless of whether plaintiff was a responsible person prior to January, 1966, when the tax obligation arose. Walker v. United States, 24 A.F.T.R.2d 5561 (N.D.Ga.1969), aff'd per curiam, 438 F.2d 127 (5 Cir. 1971). Accordingly, the Court finds that plaintiff was a responsible person liable under I.R.C. § 6672.

Plaintiff also contends that even if he were a responsible person, he did not

willfully fail to pay over the taxes since he had delegated that responsibility to competent persons and he made no decisions as to which creditors were to be paid.

The term "willfully" as used in § 6672 is not the same as when used in the sections imposing a criminal liability. Monday v. United States, 421 F.2d 1210 (7 Cir. 1970), cert. denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); Bloom v. United States, 272 F.2d 215 (9 Cir. 1959). Instead it means, "a deliberate choice voluntarily, consciously and intentionally made to pay other creditors instead of paying the Government." White v. United States, 372 F.2d 513, 178 Ct.Cl. 765 (1967); Pacific National Insurance Co. v. United States, *supra*.

Under I.R.C. § 7501, the taxes withheld from employees' wages are held in trust by the person responsible for paying the taxes over to the United States. Failure of a responsible officer to hold the taxes, by making a voluntary and intentional choice to use the funds to prefer other creditors, is a violation of the trust created under § 7501 and is willful conduct within the meaning of § 6672. Gefen v. United States, 400 F.2d 476 (5 Cir. 1968), cert. denied, 393 U.S. 1119, 89 S.Ct. 990, 22 L.Ed.2d 123 (1969). The desire to continue in business is not justification for violating the trust by preferring other creditors. Newsome v. United States, 431 F.2d 742 (5 Cir. 1970); United States v. Hill, 368 F.2d 617, 621 (5 Cir. 1966).

Plaintiff became the sole responsible officer of the corporation in January, 1966. As late as February 22, 1966, he countersigned checks to other creditors. Payments were made to and from the corporation intermittently during 1966, but no payments were made to the United States. It is the Court's opinion that the decision of Stake not to pay over to the government the withheld taxes, at a time he admittedly knew of the federal tax liability, was a voluntary, conscious and intentional act to prefer other corporate creditors to the United States. Such conduct was willful within the meaning of I.R.C. § 6672.

In summary, the Court finds that plaintiff was a person responsible for the collection and payment of corporate taxes; that he willfully failed to pay over such taxes; and that plaintiff is liable under I.R.C. § 6672 to a penalty equal to the amount of the tax not paid over, that is, $3,366.34.

Therefore it is ordered that plaintiff's complaint be dismissed and that judgment be entered against plaintiff in the amount of $3,366.34, plus interest according to law and costs.