489 F.2d 95
 74-1 USTC P 9239
 R. John GENINS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
No. 73-2598 Summary Calendar.*
*Rule 18, 5 Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 7, 1974, Rehearing Denied March 12, 1974.
 
 R. John Genins, pro se.
 Scott P. Crampton, Asst. Atty. Gen., John G. Truelson, Meyer Rothwacks, Attys., Tax Div. Dept. of Justice, Washington, D.C., John W. Stokes, Jr., U.S. Atty., Julian M. Longley, Jr., William D. Mallard, Jr., Asst. U.S. Attys., Atlanta, Ga., Richard W. Perkins, James H. Bozarth, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.
 Before WISDOM, AINSWORTH and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue on this appeal is whether the sole shareholder of a corporation, which owns a 50-percent interest in a partnership, may be held liable under section 6672 of the Internal Revenue Code of 1954 for failure to pay over withholding and FICA taxes due from the partnership. The district court held in the affirmative. We agree.
 
 
 2
 The Internal Revenue Service assessed the taxpayer-appellant a penalty of $915 under 26 U.S.C. 6672 for withholding and FICA taxes due from Ramsey Services. Prudential Investments, Inc. was a 50-percent partner in Ramsey Services; the taxpayer was the sole shareholder of Prudential. There is no dispute that Ramsey Services owed the taxes. But the taxpayer contends that he is not liable. Neither he nor Prudential paid any wages of Ramsey Services, he argues, and therefore he is not a 'person required to collect, truthfully account for, and pay over' the tax under section 6672.[1] But the term 'person' is not so narrowly construed.[2] The fact of actual payment of wages is not critical. Persons within the scope of section 6672 include those who exercise control over payment of business funds. See Brown v. United States, 5 Cir. 1972, 464 F.2d 590, cert. denied, 410 U.S. 908, 93 S.Ct. 962, 35 L.Ed.2d 270; Liddon v. United States, 5 Cir. 1971, 448 F.2d 509, cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117; Pacific Nat'l Ins. Co. v. United States, 9 Cir. 1970, 422 F.2d 26, cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269. The taxpayer in the instant case clearly exercised this control. He was authorized to draw checks on the partnership account, and he made cash withdrawals to repay a loan made by the taxpayer's wife to Prudential, which in turn had loaned the money to Ramsey Services. Nor may the taxpayer hide behind the corporate facade of Prudential. Prudential is no more than the alter ego of the taxpayer for purposes of this appeal.
 
 
 3
 Affirmed.
 
 
 
 [1]
 'Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . ..' 26 U.S.C. 6672. The taxpayer does not contend on appeal that the failure to pay the tax was not 'willful'
 
 
 [2]
 'The term 'person,' as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.'
 26 U.S.C. 6671(b).