Donald G. ANDERSON

v.

UNITED STATES of America, Appellee,

v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, Appellant,

v.

Joanne ANDERSON.

No. 76–1298.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1976.

Decided Aug. 30, 1977.

David H. Gregerson, Minneapolis, Minn., argued and on brief for appellant.

F. Arnold Heller, Atty., Tax Div., Dept. of Justice, Washington, D. C., argued; Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews and Michael L. Paup, Washington, D. C., and Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief for appellee.

Before WEBSTER and HENLEY, Circuit Judges, and VAN PELT, Senior District Judge.*

WEBSTER, Circuit Judge.

This case presents for our review the District Court's refusal to set aside the verdict of a jury that a bonding company was liable as a responsible person to the United States for the withheld but unpaid payroll taxes of a defaulting contractor whose jobs the bonding company completed in compliance with its bonds. The Don Anderson Company, Inc. [the taxpayer] was a Minnesota corporation engaged in the construction business. Its president and sole shareholder was Donald G. Anderson. On March 15, 1971, the taxpayer entered into a contract of approximately $1,240,000 with the city of Minnetonka, Minnesota, for the construction of a sanitary sewer. As required by Minn.Stat.Ann. § 574.26 (1975), the taxpayer furnished a performance bond and a labor and material payment bond for the principal contract amount. These bonds were executed on March 31, 1971, between the taxpayer, as principal, and Fidelity & Deposit Company of Maryland, as surety, with the City of Minnetonka as obligee.[1]

The taxpayer experienced financial difficulties during the latter part of 1971 and

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

1. Fidelity also bonded other smaller projects of the taxpayer. The facts of the Minnetonka undertaking were representative of the others, and the trial was conducted with emphasis on the Minnetonka project.

the early part of 1972, and it did not pay over to the government its employees' income and social security taxes for the first two quarters of 1972, which it had withheld. It was, however, meeting its net payroll expenses and paying its creditors. Eventually the company was unable to meet its payroll expenses, and on or about June 20, 1972, Anderson, in his capacity as president of the Don Anderson Company, Inc., informed Fidelity that the taxpayer was financially unable to complete the Minnetonka project. At the request of Joseph Gronowski, Fidelity's claims attorney, the taxpayer sent a written request to the City of Minnetonka on June 22, 1972, asking that all future payments under the contract be sent to and made payable to Fidelity. Thereafter, all funds received from bonded projects went to Fidelity, which advanced funds, paid various bills arising from the project, and completed the project. It refused, however, to pay the United States for the unpaid withholding taxes that had accrued before it took over, contending these were not obligations under the bonds. It is undisputed that Fidelity paid withholding tax liabilities accruing at least from July 1, 1972.

In November, 1972, the Commissioner of Internal Revenue assessed a one hundred percent penalty in the amount of $41,887.79 against Anderson individually for unpaid withholding taxes accruing in the first two quarters of 1972, pursuant to 26 U.S.C. § 6672.[2] In 1973, Anderson paid $37.82 toward this assessment and then brought suit against the United States for a refund. Subsequently, in 1974, the government assessed a similar penalty against Fidelity in the amount of $41,872.50. Shortly thereafter, it impleaded Fidelity as third-party defendant in Anderson's tax refund suit, asserting Fidelity's liability for the unpaid portion of the amount assessed against Anderson. Fidelity responded by claiming indemnity against Anderson and impleading Joanne Anderson, Anderson's wife, as fourth-party defendant.

After trial to a jury, the District Court[3] granted the government's motion for a directed verdict against Anderson. It also dismissed Fidelity's claim against Mrs. Anderson. Fidelity's liability was submitted to the jury in the form of two special interrogatories:

(1) Was Fidelity and Deposit Company of Maryland a person responsible for collecting and paying over employment taxes to the United States for the first and second quarters of 1972?

(2) Did the Fidelity and Deposit Company of Maryland wilfully fail to pay over employment taxes to the United States for the first and second quarters of 1972?

The jury answered both questions in the affirmative, and Fidelity moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The court denied the motion for new trial, but entertained briefs on the motion for judgment n.o.v. Thereafter, it issued an order denying Fidelity's motion, and entered judgment in favor of the United States on its counterclaim against Anderson in the amount of $41,857.97 plus interest, and on its complaint against Fidelity for $41,834.68 plus interest. The District Court also entered judgment in favor of Fidelity on its claim against Anderson in the amount of $41.834.68. Fidelity appeals. We affirm.

### Section 6672

This Court recently examined the purposes behind section 6672 and the proce-

---

**2.** Title 26 U.S.C. § 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

**3.** The Honorable Myron H. Bright, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation on the District Court for the District of Minnesota.

dures involved in a section 6672 assessment. *See Hartman v. United States,* 538 F.2d 1336 (8th Cir. 1976). The Internal Revenue Code requires employers to withhold from their employees' wages federal income and social security taxes. *See* 26 U.S.C. §§ 3102(a) and 3402(a). The withheld taxes constitute a special trust fund in favor of the United States. *See* 26 U.S.C. § 7501. Employers must account for these withholdings periodically and pay them over to the government.

■ If a corporate employer fails to pay these withheld amounts over to the government, then section 6672 permits the government to look for payment to the person responsible for collecting, truthfully accounting for, and paying over the tax. Title 29 U.S.C. § 6671(b) provides that the term "person" includes, *inter alia,* "an officer or employee of a corporation * * * who, as such officer [or] employee, * * * is under a duty to perform the act in respect of which the violation occurs." This language is broad enough to reach corporations and other artificial entities as well as individuals. *Pacific National Ins. Co. v. United States,* 422 F.2d 26, 30 (9th Cir.), *cert. denied,* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970).

■ For a party to be liable for a penalty, equal to one hundred percent of the unpaid amount, for failure to pay over taxes under the statute, two requirements must be met: first, the party assessed must be a person required to collect, truthfully account for, and pay over the tax, and second, the failure to collect or to account for and pay over the tax must be willful. *See Hartman v. United States, supra,* 538 F.2d at 1340.

■ The liability of the bonding company depends upon whether these two requirements were met. Tax assessments are presumed to be correct. *Kiesel v. United States,* 545 F.2d 1144, 1146 (8th Cir. 1976); *United States v. Strebler,* 313 F.2d 402, 403 (8th Cir. 1963); *cf. United States v. Janis,* 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). The burden is upon the party

assessed to prove that it was not a responsible person or that its failure to pay the taxes was not willful. *See Lesser v. United States,* 368 F.2d 306, 310 (2d Cir. 1966); *United States v. Strebler, supra,* 313 F.2d at 403–04.

### Responsible Person

■ A person need not be an officer, director, employee, or shareholder of a company to be held accountable as a responsible person. The test is whether the person had control of the disbursements of the taxpayer, that is, whether "he had the final word as to what bills should or should not be paid, and when." *Wilson v. United States,* 250 F.2d 312, 316 (9th Cir. 1958). *See Hartman v. United States, supra,* 538 F.2d at 1340; *Haffa v. United States,* 516 F.2d 931, 935–36 (7th Cir. 1975). It is not necessary that such control be exercised exclusively by the person; it may be exercised jointly with others. *See Adams v. United States,* 504 F.2d 73, 75 (7th Cir. 1974); *Dudley v. United States,* 428 F.2d 1196, 1201 (9th Cir. 1970).

■ There was substantial evidence from which the jury could and did find that the bonding company was a responsible person. After June 20, 1972, appellant took command of the purse strings. It set the guidelines for payments: payments were first approved by Anderson and were then cleared by Gronowski, appellant's agent. Appellant restricted payments made after June 20 to expenses incurred on bonded work. While there are cases holding that a surety acting to limit the use of funds advanced by it was not in control, *see, e. g., United States v. Hill,* 368 F.2d 617, 624 (5th Cir. 1966); *cf. Haffa v. United States, supra,* 516 F.2d at 936, the more recent and better reasoned cases do not so limit the definition of responsible person under the statute. *See Pacific National Ins. Co. v. United States, supra,* 422 F.2d at 30–33; *cf. Adams v. United States, supra,* 504 F.2d at 76–77.

*Willfulness*

It is not necessary that fraudulent intent be established in order to demonstrate that the conduct of the responsible person was willful. It is sufficient if the failure to pay the trust fund to the government was the result of conscious acts or omissions by the responsible person with knowledge of the existence of the taxpayer's obligation to make such payments. *Hartman v. United States, supra,* 538 F.2d at 1341; *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir. 1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975). The liability extends to payment of taxes withheld before the bonding company took charge. *See Slodov v. United States,* 552 F.2d 159, 164 (6th Cir. 1977); *Astleford v. United States,* 35 A.F.T.R.2d 75–1522 (D.Minn.1975); *Stake v. United States,* 347 F.Supp. 823 (D.Minn.1972). The reasoning in *Slodov v. United States, supra,* is applicable here:

> [If] the corporation came into possession of funds after [the bonding company] acquired control, these funds were impressed with a trust to the extent of the corporation's obligations for previously unpaid withholding income taxes and employees' share of social security taxes. Though created before [the bonding company's] control of the corporation began, these obligations continued after that date, and [it] was clearly the person responsible for paying them [if] funds became available.

552 F.2d at 164.

In this case it is undisputed that appellant knew about the unpaid taxes. Appellant contends, however, that the taxpayer had no funds "available" with which to make such payments, *i. e.,* that all payments made or authorized to be made were from funds advanced by appellant to satisfy its obligations under the bonds.

After June 20, 1972, all progress payments, as well as all retainages, were paid to appellant. Anderson signed letters of instruction authorizing its customers to make payments to the bonding company.

As is customary in connection with the issuance of performance and labor and material bonds, the taxpayer, as principal, assigned all of its interest in retainages and future payments to the bonding company as indemnity for the bonding company's undertaking. Default is the operative fact, and it is the general rule that default operates to vest the interest in such funds in the surety to the exclusion of the principal. *See Pearlman v. Reliance Ins. Co.,* 371 U.S. 132, 141, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); *Henningsen v. United States Fidelity & Guaranty Co.,* 208 U.S. 404, 411, 28 S.Ct. 389, 52 L.Ed. 547 (1908); *Prairie State Bank v. United States,* 164 U.S. 227, 232–33, 17 S.Ct. 142, 41 L.Ed. 412 (1896). Such interest is deemed to date from the execution of the bonds. *See Henningsen v. United States Fidelity & Guaranty Co., supra,* 208 U.S. at 411, 28 S.Ct. 389; *Prairie State Bank v. United States, supra,* 164 U.S. at 240, 17 S.Ct. 142; *Fidelity and Deposit Co. v. United States,* 393 F.2d 834, 837, 183 Ct.Cl. 908 (1968).

Following the jury verdict against appellant, appellant filed a motion for judgment n.o.v., which the court took under consideration. Thereafter, the court issued an order denying the motion.

The District Court first held the jury's finding that appellant was a responsible person to be supported by substantial evidence. For the reasons stated above we agree. The District Court then held that the jury could have found that certain funds received by appellant were corporate funds of the taxpayer and subject to the obligation of responsible persons of the corporation to pay the preexisting and unpaid withholding taxes.

We find it unnecessary to pass upon the theory on which the District Court upheld the jury's conclusion that appellant's failure to pay the past due taxes of the taxpayer was willful since we affirm the judgment on another basis. Appellant undertook to demonstrate that it suffered losses in fulfilling its obligations under the bonds. In doing so it had the burden of proof. The jury could reasonably have found, based on

the evidence adduced at trial, that appellant failed to meet this burden. The only evidence of appellant's losses in completing the projects covered by the bonds was the bare assertion of Gronowski, appellant's claim attorney, that Fidelity suffered such losses. It introduced exhibits showing disbursements in excess of $231,000, but failed to present any evidence supporting Gronowski's statement that it paid out more than it took in. The government introduced evidence showing that on June 30, 1972, the taxpayer had outstanding accounts receivable in excess of $259,000.

Whether appellant suffered a loss in fulfilling its obligations under the bonds was a question of fact for the jury, and the verdict in favor of the government indicates that the jury may not have found Gronowski's testimony credible. It is for the jury to determine issues of credibility and weight, and it need not accept as true the testimony of any witness. *Bankers Life & Casualty Co. v. Kirtley,* 307 F.2d 418, 422 (8th Cir. 1962).

The actual issue presented for our resolution is whether the District Court properly denied appellant's motion for a judgment n.o.v. Such a motion cannot be granted unless as a matter of law the opposing party failed to make a case and a verdict in the movant's favor should have been directed. *Davis v. Burlington Northern, Inc.,* 541 F.2d 182, 186 (8th Cir.), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976). Judgment n.o.v. must be granted if the evidence, viewed in the light most favorable to sustaining the verdict and giving the government the benefit of every reasonable inference that may be drawn from the evidence, was such that reasonable men could only have found in favor of appellant. *See Russ v. Ratliff,* 538 F.2d 799, 804 (8th Cir. 1976).

Viewing the evidence in this light, there was evidence from which the jury could have found that appellant failed to meet its burden of proving that it sustained a loss in completing the projects. Since appellant's right of subrogation out of funds taken in in completion of the projects in no event existed beyond the extent necessary to reimburse itself for expenditures made in fulfilling its obligations under the bonds, *see* A. Stearns, The Law of Suretyship § 11.14, at 472 (1951), any excess would have been available for payment of the past due taxes. The jury could reasonably have found that appellant failed to prove that no such excess existed and thus failed to meet its burden of proving that its failure to pay the past due taxes was not willful.[4] We therefore cannot say the District Court erred in denying the motion for judgment n.o.v.

Affirmed.

---

4. The government complains that the District Court's instructions on willfulness were unduly restrictive in that they "seem to presume that all payments directly received by appellant were equitably owned by it * * * and that appellant could not be found to have acted willfully unless the funds made available to it came from non-bonded projects and/or were disbursed by it to non-bonded creditors." It is unnecessary for us to answer this contention since the jury resolved the issue in favor of the government.