**In the Matter of Thelma L. WOODSON, Debtor.**

**Bankruptcy No. 79–90619–P.**

United States Bankruptcy Court, E. D. Michigan, S. D.

Nov. 6, 1981.

John D. Huige, Hertzberg, Jacob & Weingarten, P.C., Detroit, Mich., for debtor.

Jay A. Nathanson, Trial Atty., Tax Div., Civil Trial Service, Northern Region, Dept. of Justice, Washington, D. C., Attorney for Internal Revenue Service.

## OPINION AND ORDER

DAVID H. PATTON, Bankruptcy Judge.

The controversy before the Court involves a Chapter XIII proceeding filed in March of 1979 by Thelma L. Woodson. In September of that year the Internal Revenue Service (hereinafter "IRS") filed a proof of claim against Thelma Woodson in the amount of $35,414.28.[1] The IRS alleges that Thelma Woodson owes the government that amount for withholding and social security taxes which were not remitted to the government during the fourth quarter of 1977 and the first, second, and third quarters of 1978.[2] In addition, the IRS seeks to impose a 100% penalty in the amount of the unpaid taxes.[3] Thelma Woodson has objected to the IRS claim for taxes and penalty.

■ The IRS bases its claim upon I.R.C. § 6672. Section 6672 provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax

---

1. "A creditor or an indenture trustee may file a proof of claim..." 11 U.S.C. § 501(a) (1978).

2. The Internal Revenue Code requires employers to withhold the tax on wages of their employees. The IRS alleges that Thelma Woodson failed to do so as mandated by the Internal Revenue Code. (26 U.S.C.):

    SEC. 3102. DEDUCTION OF TAX FROM WAGES.
    (a) *Requirement.* The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid.
    (b) *Indemnification of Employer.* Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer.
    SEC. 3402. INCOME TAX COLLECTED AT SOURCE.

    (a) (as amended by Sec. 101(a), Tax Adjustment Act of 1966, P.L. 89–368, 80 Stat. 38) *Requirement of Withholding.* [E]very employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables prescribed by the Secretary.
    SEC. 3403. LIABILITY FOR TAX.
    The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

3. The IRS finds authority to impose a penalty under I.R.C. § 6672 which states that in addition to other penalties, the person who fails to pay the applicable tax shall "be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over..."

imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Two factors are required by the provision before liability could properly attach. First, the individual must have been a person required to collect, account for, and pay over the taxes in question. Second, if the first requirement is met, then the failure to collect, account for, and pay over the taxes must have been a "willful" failure. If either one of these factors is not present, no liability for the unpaid taxes attaches. *Braden v. United States,* 318 F.Supp. 1189 (S.D.Ohio 1970), *aff'd* 442 F.2d 342 (6th Cir. 1971), *cert. denied sub nom. Bonistall v. Braden,* 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971); *Anderson v. United States,* 561 F.2d 162 (8th Cir. 1977); *Lawrence v. United States,* 299 F.Supp. 187 (N.D.Tex.1969); *Sherman v. United States,* · 490 F.Supp. 747 (E.D.Mich.1980).

The term "responsible person" is a term of art and the courts have set forth various tests and criteria to aid in the determination of responsibility for payment of taxes under § 6672. For example, in *Braden, supra,* at 1194, the district court set forth five factors which looked to the duties performed and not merely the position held by the individual. These factors are: (1) the job description detailed in the corporation's articles or by-laws; (2) the authority to sign corporate checks; (3) the titles held; (4) the power to hire and fire employees; and (5) the actual control of the entity's financial affairs. The United States Court of Appeals described the same five factors in a more simple and succinct manner in *Wilson v. United States,* 250 F.2d 312, 316 (9th Cir. 1958). The *Wilson* court stated that the test is whether the person "had the final word as to what bills should or should not be paid, and when." *See Anderson, supra; White v. United States,* 372 F.2d 513, 516 (Ct.Cl.1967); *United States v. Graham,* 309 F.2d 210, 212 (9th Cir. 1962).

■ The tests for § 6672 responsibility do not automatically arrive at a finding of the required responsibility simply upon the determination of status as a corporate officer. *Taubman v. United States,* 499 F.Supp. 1133, 1137 (E.D.Mich.1978), *aff'd sub nom. United States v. Intercontinental Industries, Inc.,* 635 F.2d 1215 (6th Cir. 1980). Liability attaches only to those with the power to make decisions concerning payment of creditors and disbursal of funds. In *Campbell v. Nixon,* 207 F.Supp. 826, 829 (E.D.Mich.1962) the court was confronted with the situation of a vice-president of a corporation who rarely visited the corporate offices and had no authority to make financial decisions. The *Campbell* court concluded that "[t]he mere holding of corporate office does not ipso facto make for personal liability on the part of the officer." This position was dealt with more fully in *Monday v. United States,* 421 F.2d 1210 (7th Cir. 1970), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). The court held:

> Corporate office does not, per se, impose the duty to collect, account for and pay over the withheld taxes. On the other hand, an officer may have such a duty even though he is not the disbursing officer.... Liability attaches to those with power and responsibility within the corporate structure for seeing that the taxes withheld from various sources are remitted to the Government.... This duty is generally found in high corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds. *Id.* at 1214–15.

Thus, the *Monday* court held, at 1215, that a corporate president was a responsible person under § 6672 because of extensive participation in financial decisions and not merely because of corporate status.

■ As stated previously, bare status as a corporate officer, is without more, insufficient to satisfy the requirements of § 6672. In addition, the simple act of signing a few corporate checks, without more,

188

does not meet the standards for § 6672 responsibility. *Barrett v. United States*, 580 F.2d 449 (Ct.Cl.1978) dealt with a woman who was completely dominated by her husband. The husband would direct plaintiff to sign certain checks to creditors which he had chosen and in amounts he had determined. The *Barrett* court held, at 453, that "[t]he fact that plaintiff signed company checks is not in and of itself sufficient to justify liability under section 6672." Where the right to sign corporate checks is nothing more than a formality, responsibility for unpaid taxes will not fall on the signatory. *Lawrence, supra*, at 191.

■ The power and authority to make fiscal decisions and responsibility for payment of taxes may be delegated. The delegation issue was examined in *Lawrence, supra*. In that case, the petitioner appointed an attorney and accountant to deal with the financial matters of the corporation which she controlled. The court held her responsible in spite of her appointment of the attorney and the accountant as she had retained significant control over fiscal matters during the period in question. For delegation to be complete, the court stated that the following must be established:

> [H]e or she did not have ultimate control during the period involved. If delegation is alleged, the petitioner must prove that all power and authority in fact had been delegated in advance of the period for which taxes are owed. If the court were to hold otherwise, responsible persons could absolve themselves of tax liability simply by appointing a feigned agent. *Id.* at 191.

Thus, responsibility for the collection and payment of taxes under § 6672 is considered properly delegated when the ultimate control over corporate management rests completely in another. See *White, supra*, at 519–20.

■ T and T Industries, Inc. was incorporated in Michigan in 1969. In 1976 T and T Industries of Indiana, Inc. was formed as a subsidiary of the original corporation. During the time periods relevant to this suit, Thelma Woodson was a majority shareholder and chairman of the Board of Directors of both corporations. Thelma Woodson, however, did not exercise the daily responsibility and authority needed to run the corporations as she devoted her time and energy to her full-time position as a public grade school principal. As a result of the time constraints placed upon Thelma Woodson because of her demanding career as principal, a general manager was sought to operate the corporations. At this time there were no unpaid federal withholding or social security taxes.

The corporations utilized the services of an employment agency and advertised in newspapers. The corporations' attorney, Charles H. Brown, reviewed the applications and recommended Sylvester Holt. In November 1977, Sylvester Holt assumed the position of general manager for T and T Industries and T and T Industries of Indiana. Mr. Holt's position entailed the broad authority to set the corporations' fiscal policy. More specifically, Mr. Holt had the authority to hire and fire employees, select creditors to be paid, supervise the manner of corporate record keeping, pay employees, deposit payment of employees' social security and withholding tax obligations, negotiate contracts, order materials, and prepare the corporations' tax returns. After Mr. Holt left the corporation, Kevan Woodson assumed the same position and duties as president and general manager.

After Mr. Holt became general manager, Thelma Woodson was not actively involved in running the corporation. Thelma Woodson continued the same low level of involvement in corporate affairs after Kevan Woodson became general manager. In fact, her only involvement appeared to be the signature of a few checks when the general manager was out of town. These checks were simply presented for signature and Thelma Woodson neither selected the creditors to be paid nor had the power to do so.

In sum, the court has determined that Thelma Woodson was not a "responsible officer" of T and T Industries, Inc. or T and T Industries of Indiana, Inc. During the

tax periods in question, Thelma Woodson had no power to render decisions concerning payments of creditors and disbursal of funds. Any power which Thelma Woodson might have possessed was completely and effectively delegated to Sylvester Holt, and subsequently, Kevan Woodson.

The next issue to be addressed is that of "willfullness." This area does not require examination as § 6672 demands both elements, "responsibility" and "willfullness" to be present before § 6672 liability will attach. The court goes further, however, and finds that Thelma Woodson was neither "a responsible person" under § 6672 nor was she "willfull" in the corporations' failure to pay the tax liability.

The case of *White v. United States, supra,* at 521, defines the term "willful." That court states:

"[W]illfully" as used in section 6672 . . . means a deliberate choice voluntarily, consciously and intentionally made to pay other creditors instead of paying the Government, and that it is not necessary that there be present an intent to defraud or to deprive the United States of the taxes due, nor need bad motives or wicked design be proved in order to constitute willfullness.

*See Harrington v. United States,* 504 F.2d 1306 (1st Cir. 1974); *Monday v. United States, supra; United States v. Leuschner,* 336 F.2d 246 (9th Cir. 1964); *Sherman v. United States, supra; Braden v. United States, supra; Lawrence v. United States, supra; Campbell v. Nixon, supra.* Mere negligence, however, in failing to apprise oneself of a situation does not rise to the level of "willfullness." *Levy v. United States,* 140 F.Supp. 834 (W.D.La.1956); *White v. United States, supra; United States v. Leuschner, supra.*

■ Thelma Woodson did not willfully fail or refuse to remit corporate withholding and social security taxes. As stated previously, Thelma Woodson delegated all the responsibility for payment of those taxes to Sylvester Holt and Kevan Woodson. In addition, Thelma Woodson cautioned both men about the importance of keeping current in the tax payments and only became aware of their non-payment through a third party. Once Thelma Woodson became aware of the problem a new general manager, Kevan Woodson, was installed and informed of the need to remain current in the tax payments. Thelma Woodson did all that was reasonable in selecting a general manager and delegating her responsibility to him. There remained no authority in Thelma Woodson to choose creditors to be paid, for this total responsibility was delegated to the general managers. Thus, her signature on a few corporate checks was not a knowing preference of other creditors over the government. Thelma Woodson merely signed the checks as accommodation and did not intentionally refuse to pay over the taxes in question.

The Court finds that Thelma Woodson is not a "responsible" or "willful" person under § 6672 and so is not liable for the tax and penalty assessed against her.

The foregoing constitutes the Court's findings of fact and conclusions of law.

IT IS SO ORDERED.