**In re Archie B. FRY, Debtor.**

**Bankruptcy No. 85–01200–BKC–J13.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Sept. 30, 1988.

Peggy T. Hardge–Harris, St. Louis, Mo., for debtor.

Eileen Voss, St. Louis, Mo., trustee.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., for the U.S.

## MEMORANDUM OPINION AND ORDER

JAMES J. BARTA, Chief Judge.

This matter is before this Court on remand from the United States District Court for a determination pursuant to 26 U.S.C. § 6672 [1] whether the Debtor acted willfully in failing to collect and pay certain taxes.

This Court previously determined that Archie B. Fry was a "responsible person" under that statute. This conclusion has been affirmed by the District Court. The sole issue before the Court is whether Archie B. Fry willfully failed to collect, account for or pay over the taxes here. This determination on remand is made upon consideration of the record as a whole.

A brief recitation of the facts essential to the determination here is in order.

---

**1.** 11 U.S.C. § 6672 reads in pertinent part:
"§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax.
(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

In early 1980, Karl Kuntzmann owned and operated a tool cutting and grinding business, Precision Edge, Inc. In September, 1982, he decided to work for another company. He left the management of Precision Edge, Inc. in the hands of Archie Fry. Fry had been an employee for a few years at the shop. During October through December, 1982, Fry had full responsibility for the management of the business. He would write the checks for the amount due particular creditors and take these checks to Kuntzmann's residence for signature. Kuntzmann signed all the checks presented and seldom appeared at his shop or took an active role in the business. In early January, 1983, Kuntzmann had a power of attorney drafted which allowed Fry to sign the checks for the business. Thereafter, Kuntzmann was not involved in the business and Fry operated the shop and made his own business decisions. Fry decided when the bills would be paid, wrote the checks, hired and fired employees, moved the business to a new location, negotiated for new business, paid back-taxes due the Internal Revenue Service, and acted as the responsible person for the business.

On or about June 6, 1983, Kuntzmann received a call from Fry informing him that he was abandoning the books and records of Precision Edge, Inc. At that time, Fry was aware that there were no employees left at Precision Edge, Inc. and that Precision Edge, Inc. was no longer operating as a business.

Fry later filed a voluntary petition for relief under the Bankruptcy Code. The Internal Revenue Service filed certain claims in Fry's Chapter 13 Bankruptcy Case. The Debtor objected to the claims on several grounds. At issue here is solely the Debtor's objection to the claim regarding FICA taxes owed for the second quarter of 1983 for Precision Edge, Inc. Under Section 6672 of the Internal Revenue Code, a one hundred percent penalty may be assessed against certain persons referred to generally as the "responsible party".

The burden is on the assessed party to prove his failure to pay over the tax was not willfull. *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir.1977).

The Eighth Circuit has concluded that it is sufficient if the failure to pay trust funds to the Government was the result of conscious acts or omissions by a responsible person with knowledge of the existence of the taxpayer's obligation to make such payment. *Anderson, supra* at p. 166.

The willfullness standard has been analyzed by many courts. It has been said that the responsible person "acts willfully if he proceeds with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the government." *Brown v. United States,* 591 F.2d 1136, 1140 (5th Cir.1979).

Although Fry was not "in possession" of the books and records on June 30, 1983, he could still be determined to have willfully failed to make the payments. In *Slodov v. United States,* 436 U.S. 238, 247, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251, 261–262 (1978), the Supreme Court specifically stated a person need not be responsible for the payment of withholding taxes at the end of the quarter to be a responsible person for that quarter.

In *Brown v. United States, supra,* the responsible party had been removed from his duties prior to the time the withholding taxes became payable. He was determined to be one of the responsible parties under Section 6672 who had willfully acted because he failed to make required withholding deposits, which was itself willfull. *Brown v. United States, supra* at 1141. The failure to make deposits of trust funds as required by treasury regulations, and the use of those funds in the interim to pay other bills led the 5th Circuit in *Brown* to conclude the Section 6672 penalty applied. There is no evidence in the case now before this Court that deposits were required to be made before each quarter.

Here, the Debtor acted recklessly in this case by abandoning the business, knowing it was no longer operational and failing to make payments on the taxes as due. The record amply supports the conclusion that Fry had written a number of checks which remained outstanding when he abandoned

the business. The total amount of these outstanding checks exceeded the balance in the business general accounts at that time. Kuntzmann stopped payment on various of these checks.

There was evidence of the collection of accounts receivable after Fry's abandonment. There was no evidence that these were received before June 30, 1983 or whether Fry reasonably expected there to be any funds available to pay the taxes involved here. Even if Fry did expect these sums to be collected, he acted recklessly and willfully in failing to pay over the monies due as he was the responsible person.

The conclusion which must be drawn is that Fry acted in disregard of an obvious risk that the taxes would not be paid over. Further, as the responsible party, his writing payroll checks (for himself and his partner in a new grinding business) was a willing act done to deplete the general account of Precision Edge, Inc. of funds that had been withheld during the quarter and should have been paid over to the government. This reckless conduct is not nullified by the subsequent stop payment orders issued by Kuntzmann.

The record supports the Government's position that Fry knew of his obligation and failed to meet that obligation, and that he willfully failed to collect and pay these taxes. He must now be accountable for his acts and omissions. Therefore,

IT IS ORDERED that the claim No. 8 of the Internal Revenue Service on behalf of the United States Government assessing a one hundred (100%) percent penalty against the Debtor here, Archie B. Fry, for withholding taxes from the second quarter of 1983 and pursuant to 26 U.S.C. § 6672 be and hereby is allowed in the amount of $1,694.31 and to the extent that the Debtor's objection addressed this portion of the claim, it is overruled; and that the allowed amount of this claim is subject to any previous order of this Court regarding sums claimed due the IRS for other time periods.